Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000631
19-DEC-2019
07:50 AM

NO. CAAP-18-0000631

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHALOM AMAR, Plaintiff-Appellee, v.
JONATHAN WRIGHT and ELI WALDON, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(PUNA DIVISION)
(CIVIL NO. 3RC 17-1-000563)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant/Counterclaimant-Appellant Jonathan Wright

(**Wright**) appeals pro se from the June 19, 2018 Findings of Fact

and Conclusions of Law; Judgment (**Judgment**) entered by the

District Court of the Third Circuit (**District Court**).[1] [2]

Wright raises three points of error on appeal,

contending that the District Court erred as a matter of law in

entering the Judgment because: (1) a trustee may not represent a

---

[1]     The Honorable Harry P. Freitas presided.

[2]     Wright impermissibly purported to file a notice of appeal (and other documents) on behalf of Defendant/Counterclaimant-Appellee Eli Waldon (**Waldon**), as well as himself. However, on May 31, 2019, the appeal was dismissed as to Waldon. See also Hawaii Revised Statutes (HRS) §§ 605-2 & 605-14 (2016); Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (a non-attorney cannot represent another natural person).

trust in legal proceedings; (2) the amount of damages in controversy was never determined; and (3) Plaintiff/Counterclaim Defendant-Appellee Shalom Amar (**Amar**) did not give Wright and Waldon proper notice before eviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wright's contentions as follows:

(1) Wright contends that Amar did not establish that Amar was the real-party-in-interest in this case because the subject property is owned by the Shalom Amar Revocable Trust.

Wright relies on Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 260, 799 P.2d 60, 64 (1990), which held, *inter alia*, that the trial court in that case did not err in granting the plaintiff's motion to enjoin the defendant, Donald Robert Cochran, as Trustee under unrecorded Declaration of Trust dated May 20, 1997, from acting pro se on behalf of the trust.

In this case, however, it is undisputed that on or about May 13, 2016, Amar, as landlord, entered into a "Restaurant Lease" agreement with Wright and Waldon, as tenants. The Restaurant Lease was entered into evidence at trial pursuant to a stipulation of the parties and, upon examination by his own attorney, Wright testified that he entered into the lease with Amar in May 2016. Through Wright's counsel, a March 17, 2006 Warranty Deed to Shalom Amar, Trustee of the Shalom Amar Revocable Trust dated May 18, 2000, also was entered into evidence. However, at no point did Wright move the District

Court to enjoin Amar from representing himself as landlord or otherwise argue that Amar was not the real-party-in-interest entitled to enforce the Restaurant Lease. Amar brought this summary possession action in his capacity as the landlord under the Restaurant Lease and not in his capacity as Trustee of the Shalom Amar Revocable Trust. On the record in this case, we conclude that Wright's argument is without merit.

(2) Wright contends that the District Court erred in entering the Judgment because Amar did not prove the amount in controversy, citing HRS § 604-5 (2016), which generally establishes certain jurisdictional limits in the district courts related to claims for money damages. It appears that Wright contends that, because Amar did not establish sufficient evidence of the amount due to Amar for unpaid rent, the District Court lacked jurisdiction over Amar's summary possession action. So long as no issue as to title is properly raised, jurisdiction over summary possession actions lies in the district courts. See HRS §§ 604-5, 666-6 (2016); see also, e.g., Kimball v. Lincoln, 72 Haw. 117, 125, 809 P.2d 1130, 1134 (1991). Accordingly, we reject Wright's argument that the District Court erred in allowing Amar to proceed with his summary possession action in the District Court.

(3) Wright contends that the District Court erred in entering the Judgment because Amar failed to provide the notice required under the Residential Landlord-Tenant Code. Wright also references a portion of the trial transcript where the District Court would not allow Amar to offer evidence of alleged breaches

*other than* non-payment of rent because Amar had not provided Wright notice of such additional claims. The record reflects that, through counsel, Wright objected to Amar's presentation of any evidence on any claim other than a claim based on non-payment of rent, on the grounds of insufficient notice of such claim, and raised no objection to, and made no argument against, Amar's claim for summary possession based on non-payment of rent on the grounds of insufficient notice. "As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]" County of Hawai'i v. C&J Coupe Family Ltd. P'ship, 119 Hawai'i 352, 373, 198 P.3d 615, 636 (2008) (citations omitted). We conclude that Wright's argument is waived.

For these reasons, the District Court's June 19, 2018 Judgment is affirmed.

DATED: Honolulu, Hawai'i, December 19, 2019.

On the briefs:

Jonathan Wright,
Defendant-Appellant, *pro se.*

Presiding Judge

Associate Judge

Associate Judge